# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO XIQUE ORTEGA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>W. J. SULLIVAN, Warden,<br><br>　　　　Respondent. | Case No. ED CV 11-0989 GW (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

　　　Petitioner's Objections generally reiterate the arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation.

　　　There is one issue, however, that warrants brief amplification here. Petitioner claims in his Objections that his trial counsel was ineffective in failing to file a motion to suppress portions of Petitioner's interview with detectives. (Obj. at 2-18.) In particular, Petitioner alleges that he cannot read or write in Spanish, and so did not understand the Miranda warnings on his statement of rights form. (*Id.*)

　　　Petitioner's argument is nothing more than a red herring. Even assuming that Petitioner cannot read or write in Spanish, detectives orally admonished Petitioner with Miranda warnings on multiple occasions. (*See, e.g.*, CT at 132-33, 172; RT at

223-26, 240-41.) Each time, Petitioner affirmatively acknowledged that he understood his rights, and thereafter waived them. (*Id.*) And each time, Petitioner spoke freely with detectives, asking questions like, "Do you think I will get out?" and correcting detectives if he did not understand a line of questioning. (*Id.*; *see also* CT at 154, 171); *Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46 (1983) (defendant initiated further communication with police by asking, "What is going to happen to me now?"). Finally, although Petitioner's counsel objected to the sufficiency of the detectives' Miranda warnings, he was explicitly overruled by the trial court. (CT at 45-46.)

Even assuming, *arguendo*, that counsel acted deficiently, there was no prejudice in light of the formidable case against Petitioner. (Lodg. No. 6 at 15-16); *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (to establish ineffective assistance, petitioner must prove that counsel's representation was deficient and that such deficiency prejudiced the defense).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: December 31, 2012

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE